Mr. Justice Teaches
delivered the opinion of the court.
This was an action commenced by a writ of attachment. Numerous errors are alleged in the course of the trial in the circuit court.
A demurrer was filed to the defendant’s plea in abatement. This demurrer was properly sustained, because the plea is pleaded without proper defence; and it is the rule in pleas of abatement to hold the pleader to great accuracy.
The objection to the attachment bond is not tenable. It follows the form prescribed by the statute and that is sufficient. Wallis v. Wallace, 6 How. 254; McIntyre v. White, 5 Ib. 298; Amos & Roe v. Allnut, 2 S. & M. 215.
The circuit court did not dispose of the demurrer to the plaintiff’s first plea in bar. This plea was pleaded in connection with the plea of non assumpsit. This would not be a good ground to reverse the judgment, and remand the case, al *718 though this court might give such a judgment upon the demurrer as the circuit court should have given, which would be to sustain the demurrer. The plea in bar being bad, the omission of the circuit court to dispose of the demurrer, there being a disposition of the cause upon its merits, is therefore not. to the prejudice of the defendant below, and upon a well established principle cannot in consequence be rendered available to the defendant in an appellate court.
There is but one other point which now need be noticed. It is t'hat the circuit court refused to sustain the motion of the defendant for additional security in the attachment bond. The defendant proposed to show by the testimony of the sheriff of the county that the surety in the bond was utterly insolvent at the time of its execution, and was also so at the time the motion was called for hearing.
The statute (How. & Hutch. 549, s. 13,) requires that before any attachment shall be granted, the judge or justice shall take bond and security from the party for whom the same shall be issued, &c.
It will be observed that, in the instances where additional or other security is allowed to be claimed, in cases where security is required in the first instance, special provision has been made by statute, pointing out the mode of the application, and the grounds which must be established whereby to entitle a party to it. How. & Hutch. 541, s. 50; Laws of 1843, c. 5, s. 3. The presumption is, that the judge, or justice, does his duty in ascertaining to his satisfaction the solvency and sufficiency of the sureties in all cases; and, although such officer may be deceived, or the sureties may subsequently become insolvent, it can only be replied that no remedy has as yet been provided for such contingencies. In the case of Jones v. Kearns, Mart. & Yerg. 242, it was decided that if a bond, given by a plaintiff for the prosecution of his suit with effect, be lost; or, if the security in the bond becomes insolvent, or removes out of the state, the court, in either of these cases, have no power to compel the plaintiff to give new or additional security for costs. In that case the court viewed with great *719 strictness the statute requiring security for costs, said that it would go with the statute only to its literal. extent, and no further, and denied that it had any power to add other provisions to it.
Judgment affirmed.